[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Savings Bank of Manchester (SBM) has moved to determine the priority of a mortgage holds on property located at 25-27 CT Page 8941 Talcott Avenue in the town of Vernon, and a mortgage on the same property held by the First Federal Savings and Loan Association of East Hartford (First Federal). In this case SBM commenced a foreclosure action against Dana Gregus and Lisa Gregus, the owners of the equity. In a companion matter, D.N. CV 96-61512, First Federal commenced a foreclosure action against the same property and has similarly moved to determine the priorities of both mortgages.
Dana and Lisa Gregus took title to the property in November, 1990. At that time they executed a mortgage in the amount of $85,000 to the Savings Bank of Rockville which was recorded in the Vernon land records on November 21, 1990. On August 15, 1991, the Gregus' obtained a revolving line of credit in the amount of $20,000 from First Federal. To secure this line of credit the Gregus' granted a mortgage to First Federal which was recorded on August 21, 1991.
On December 8, 1992, the Gregus' borrowed $96,000 from SBM secured by a mortgage duly recorded on December 16, 1992. As part of this latest transaction, the original mortgage note to the Savings Bank of Rockville was paid off in the amount of $84,275.35.
The existing mortgage to First Federal was not paid off in December 1992 and was not released.
Further, First Federal did not agree to subordinate its mortgage to the new SBM mortgage.
When First Federal approved the revolving credit line, it had appraised the property's fair market value at $150,000, thus believing there was sufficient equity in the property to protect its loan.
The parties stipulated that the Gregus' did not intend to pay off the First Federal Mortgage when they refinanced with SBM and, indeed, for a period of time the Gregus' made the monthly payments as required of both SBM and First Federal. But there came a point when the Gregus' were in default on both notes and SBM and First Federal commenced foreclosure proceedings.
The attorney for SBM testified that he understood the SBM mortgage was to be a first mortgage, with any prior mortgages to be paid off and released. However, he also testified he was unaware of the mortgage to First Federal (although that mortgage CT Page 8942 had been recorded in August, 1991). The evidence also shows that SBM knew, or should have known, of the existence of the First Federal mortgage. The Gregus' listed this debt on their initial loan application, (See Exhibit F-1) and the Uniform Residential Loan Application prepared by SBM (Exhibit F-2) also lists the prior mortgage to First Federal.
SBM claims the doctrine of equitable subrogation gives it a priority position over First Federal. It argues that SBM, having paid off the SBR mortgage, should equitably be permitted to assume the same priority position SBR held, which was ahead of First Federal.
Clearly, an error was made here. SBM should have either sought a subordination agreement from First Federal or otherwise made provisions for paying off First Federal's prior mortgage There are equities on the side of First Federal under the circumstance of this case. When it made its loan to Gregus, it was behind an $85,000 first mortgage. Some 15 months later, if SBM's position is sustained, it would be behind a $96,000 mortgage without the opportunity to re-evaluate the property securing its mortgage to determine if it was still a sufficient security.
As a matter of general policy the time of registration on land records should (and properly so) determine the priority of property interest. Wilson v. DeGenaro, 36 Conn. Sup. 200, 207
(1979). It is presumed that one who takes a mortgage on real estate has knowledge of all prior encumbrances of record affecting it. Homeowners Loan Corporation v. Sears. Roebuck Company, 123 Conn. 232, 240 (1937).
The matter of Hidden Glen Condominium Association, Inc. v.David M. St. Pierre, et al, Superior Court for the Judicial District of Hartford/New Britain, at New Britain, December 15, 1995, relied upon by SBM, wherein the Court granted a request for equitable subrogation, does not have the same factual background as this case. In Hidden Glen, the foreclosing bank was aware of a prior existing mortgage from private parties (Joan and Donald St. Pierre). The bank obtained a subordination agreement from Donald St. Pierre, but failed to obtain Joan St. Pierre's signature on the subordination agreement. The nature of the St. Pierre loan was in question, no payments ever having been made on that loan While the factual scenario in Hidden Glen may have supported a finding of equitable subrogation in that Joan St. Pierre would CT Page 8943 otherwise get a windfall, in the present case First Federal always expected is mortgage would be adequately secured. The failure of SBM to follow the policy that recording interest in real estate establishes priorities deprived First Federal of any options that, equitably, should have been available.
Similarly there are equitable distinctions in the other cases relied on by SBM. In Prudential Home Mortgage Company. Inc. v.Johnson, Superior Court, Judicial District of New Haven, April 6, 1993, there was a credibility question as to whether the second mortgagee had caused the foreclosing bank to rely on its promise that it would release its mortgage, thus allowing the new mortgage to have a first priority. The parties then attempted to comply with, or thought there would be compliance, with the policy of earlier recorded mortgages having priority. The court in Prudential found the first mortgagee acted in reliance on the second mortgagee's promise to release its mortgage.
Similarly, in Household Realty v. Thomas Martin, Superior Court, Litchfield J.D., February 4, 1994, there was reliance on an expected release of mortgage when the line of mortgages was paid off at the time of refinancing, but the mortgage was not released.
In short, there are different equitable considerations in the cases relied on by SBM.
SBM should have attended to the First Federal mortgage and failed to do so. There are insufficient reasons to justify approval of an equitable subrogation under the circumstances of this case.
Accordingly, the Court determines that the First Federal mortgage is prior in right to the Savings Bank of Manchester mortgage.
A copy of this decision should be filed in the companion case of First Federal Savings Loan Association of East Hartford v.Gregus, D.N. 61512.
Klaczak, J.